# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHRYSTAL M. RIPPEY (01),

        Defendant.

Case No. 18-20057-01-DDC

## **MEMORANDUM AND ORDER**

This matter comes before the court on defendant Chrystal M. Rippey's Motion to Vacate, Set Aside, or Correct Sentence under § 2255. Doc. 25. The government filed a response to Ms. Rippey's motion. Doc. 30. The court considers both parties' arguments below and, for reasons explained by this Order, denies Ms. Rippey's motion.

**I.    Factual Background**

On September 26, 2018, Ms. Rippey pleaded guilty to Count 1 of an Indictment, charging that she knowingly escaped from the custody of a residential re-entry center in Leavenworth, Kansas. Docs. 17, 18. Ms. Rippey was confined at the residential re-entry center after conviction for wire fraud, a violation of 18 U.S.C. § 1343, and mail fraud, a violation of 18 U.S.C. § 1341. *Id.* Ms. Rippey escaped from the facility in her employer's car without his permission on July 17, 2018. Doc. 29 at 7; Doc. 19 at 4. Ms. Rippey's escape from the facility violated 18 U.S.C. § 751(a). Doc. 17 at 1–2, Doc. 18 at 1.

Before sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR), using the 2018 edition of the United States Sentencing Commission

Guidelines Manual ("U.S.S.G." or "the Guidelines"). Doc. 19 at 4. The PSR determined that Ms. Rippey had escaped from custody, which corresponded to a base level offense of 13 under U.S.S.G. § 2P1.1(a)(1). *Id.* at 4. The PSR included a two-level reduction under U.S.S.G. § 3E.1.1(a) because of Ms. Rippey's acceptance of responsibility for the offense. *Id.* at 5. After applying the reduction to the base offense level, the PSR computed a total offense level of 11. *Id.* at 11. This total offense level, combined with Ms. Rippey's criminal history category of V, produced an advisory Guidelines' sentencing range of 24 months to 30 months' imprisonment. *Id.*

When accepting her plea agreement, Ms. Rippey waived "any right to appeal or collaterally attack any matter in connection with [her] prosecution, her conviction, or the components of the sentence . . . including the length and conditions of supervised release . . . ." Doc. 18 at 5 (Plea Agreement § 9). She also waived "any right to challenge her sentence, or the manner in which it was determined, or otherwise attempt to modify or change her sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b)." *Id.* at 4–5. The court accepted the plea, and sentenced Ms. Rippey to 24 months' imprisonment followed by one year of supervised release. Doc. 21 at 2–3.

Ms. Rippey did not appeal her conviction to the Tenth Circuit Court of Appeals. On June 24, 2019, Ms. Rippey, proceeding pro se,[1] filed the pending § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Doc. 25. Her motion alleges (1) ineffective counsel, and (2) improper

---

[1] Because Ms. Rippey files her motion pro se, the court construes her pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

calculation of the sentencing guidelines. *Id.* at 4–5. The court considers Ms. Rippey's arguments, below.

**II.     Legal Standard**

Section 2255 entitles a federal prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or [is] otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). Motions of this kind attack the legality of the prisoner's detention, and "must be filed in the district court that imposed the sentence." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citations omitted). The district court must then hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). A § 2255 petitioner must allege facts that, if proven, would warrant relief from her conviction or sentence. *In re Lindsey*, 582 F.3d 1173, 1175 (10th Cir. 2009). A court need not conduct an evidentiary hearing where a petitioner's factual allegations are inherently incredible, where they amount to conclusions instead of assertions of fact, or where they contradict the record. *See id.*; *see also United States v. Cervantes-Samaniego*, No. 07-20099-JWL, 2012 WL 1788141, at *1, *4 (D. Kan. May 17, 2012) (citations omitted). If the court finds for the petitioner, "the court shall vacate and set the judgment aside" and discharge the petitioner or resentence her or "grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**III. Analysis**

**A. Ground One**

Ms. Rippey first asserts an ineffective assistance of counsel claim. Doc. 25 at 4. Ms. Rippey provides the following facts to support this claim:

> I received a 4 point upward departure on a part of my indictment that was my own to use for work. He gave & signed the vehicle to me. Was suppose[ed] to get dropped. My attorney didn't fight for me.

*Id.*

To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy both prongs of the two-part test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* This requires a showing that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment." *Id.* Second, the petitioner "must show that the deficient performance prejudiced the defense." *Id.* This requires a showing that counsel's errors "were so serious" as to deprive the petitioner of a fair trial. *Id.*

A petitioner must demonstrate both of the *Strickland* prongs to establish an ineffective assistance of counsel claim. *United States v. Orange*, 447 F.3d 792, 796–97 (10th Cir. 2006). Failing to prove either one is dispositive. *Id.* The court considers each one of *Strickland*'s two requirements below. It concludes that petitioner has met neither prong. Therefore, she has failed to establish ineffective assistance of counsel.

**1. Was Counsel's Performance Deficient?**

To establish that counsel's performance was deficient under the first *Strickland* prong, a petitioner must demonstrate that her counsel's omissions fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A strong presumption exists,

however, "that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. Counsel's strategic or tactical decisions are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy." *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (citation and internal quotation marks omitted).

A petitioner "bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (citing *Strickland*, 466 U.S. at 688–89). The court must evaluate the reasonableness of counsel's performance not in hindsight, but in light of all the circumstances and from counsel's perspective at the time the alleged error was committed. *Strickland*, 466 U.S. at 689. And, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.*

Ms. Rippey has not met her burden under *Strickland*'s first prong based on the facts she asserts here. Ms. Rippey provides no basis for a finding that her counsel's decisions bore no relationship to a possible defense strategy or that he acted unreasonably. Ms. Rippey merely alleges that her attorney "didn't fight for [her]." Ms. Rippey cannot prove that her counsel was ineffective for failing to request a four-level reduction, because it was uncontested that Ms. Rippey took her employer's car without his permission and drove to Louisiana, which is a felony under both state[2] and federal[3] law. At the sentencing hearing, Ms. Rippey's counsel recognized that "the one circumstance that kept Ms. Rippey from getting a four-level reduction . . . was that she had left the halfway house with her employer's car without her employer's permission. So

---

[2]  *See* Kan. Stat. Ann. § 21-5801 (theft of property valuing more than $1500 is felony offense).

[3]  *See* 18 U.S.C. § 2312 – "Transportation of stolen vehicles"

5

that . . . caused [her sentence guideline] to be higher than it otherwise would have." Doc. 29 at 7. Ms. Rippey provides no factual or legal argument justifying her claim that counsel acted unreasonably in failing to contest the sentence calculation. She thus fails to show that her counsel's performance fell outside the range of professionally competent assistance. Her claim thus fails the first *Strickland* prong.

### 2. Did Counsel's Performance Prejudice the Defense?

To establish prejudice under the second *Strickland* prong, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* When deciding this question, the court must "focus[ ] on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687). In cases where the petitioner has entered a guilty plea, she must show that counsel's deficient performance "affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "In other words, in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Id.*

Ms. Rippey has not established how her counsel's allegedly deficient performance prejudiced her. It is uncontested that Mr. Rippey took her employer's car without his permission. Doc. 29 at 7; Doc. 19 at 4. Thus, Ms. Rippey has not demonstrated that the court would have applied a four-level reduction, even had her counsel made the objection.

Ms. Rippey cannot establish ineffective assistance under either prong of the two-part *Strickland* test. The court thus concludes that an evidentiary hearing is unnecessary here because Ms. Rippey's allegations are not supported by the record. Ms. Rippey has provided no basis for the court to vacate, set aside, or correct her sentence because of ineffective assistance of counsel. The court denies Ms. Rippey's claim in Ground One of her § 2255 motion.

**B.     Ground Two**

In Ground Two of her motion, Ms. Rippey appears to assert that the court erred in its calculation of the sentencing guidelines. Doc. 25 at 5. Her motion simply asserts "sentencing guidelines" as the second ground supporting § 2255 relief and, for support, recites "4 pt. [e]nhancement and criminal history." *Id.* The government responds by arguing that Ms. Rippey's claim in Ground Two is barred because she waived her right to collaterally attack her sentence in her plea agreement. Doc. 30 at 8. The government moves the court to enforce the collateral attack waiver. *Id.*

The Tenth Circuit addressed the enforceability of collateral attack waivers in *United States v. Hahn*, 359 F.3d 1315, 1325–28 (10th Cir. 2004). Under this test, a court must determine whether a defendant's appeal or collateral attack falls within the scope of the waiver, whether the defendant knowingly and voluntarily waived her appellate rights, and whether enforcing that waiver would produce a miscarriage of justice. *Id.* at 1325. For reasons described below, the court concludes that Ms. Rippey waived her right to collaterally attack her sentence under 28 U.S.C. § 2255 in her plea agreement and that the court properly can enforce this waiver.

### 1. Scope

Under *Hahn*, courts must first consider whether the appeal "falls within the scope of the appellate waiver." *Hahn*, 359 F.3d at 1325. Courts are required to "'strictly construe'" any waivers in a defendant's plea agreement and resolve any ambiguities in favor of defendant's appellate rights. *Id.* (quoting *United States v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003)).

Here, Ms. Rippey's appeal under 28 U.S.C. § 2255 falls directly within the scope of the collateral attack waiver in her written plea agreement. Ms. Rippey waived her right to challenge or collaterally attack her sentence in any manner. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) (determining that collateral attacks include challenges under 28 U.S.C. § 2255, "that complain about the substance of, or proceedings that determined, a defendant's original sentence or conviction."). Ms. Rippey's challenge to the sentencing guideline calculation used when determining her sentence falls within the scope of the bargained for waiver of collateral attack rights.

### 2. Knowing and Voluntary

The *Hahn* test also requires courts to determine whether a defendant "knowingly and voluntarily" waived her appellate rights. *Hahn*, 359 F.3d at 1325. Ms. Rippey's plea agreement demonstrates her knowing and voluntary waiver of her appellate rights. Ms. Rippey's plea agreement provides that she "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with [her] prosecution," including her sentence. Doc. 18 at 4. The plea agreement also recites she "acknowledges that she is entering into this Plea Agreement . . . freely, voluntarily, and knowingly." *Id.* at 6. The language of the plea agreement establishes that Ms. Rippey knowingly and voluntarily waived her right to challenge her sentence through a collateral attack.

8

### 3. Miscarriage of Justice

The Tenth Circuit has identified several "components" courts should consider when determining whether enforcing a plea agreement will produce a miscarriage of justice. *Hahn*, 359 F.3d at 1327. These exceptions include whether a court "relied on an impermissible factor such as race;" whether ineffective assistance of counsel rendered the appellate waiver invalid; whether the sentence "exceed[ed] the statutory maximum;" or whether the waiver is "otherwise unlawful." *Id.* (citations omitted). An appellate waiver is unlawful if it "seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted). Courts must look to "whether the waiver itself is unlawful because of some procedural error or because no waiver is possible," not to the lawfulness of the sentence. *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). At least one of these exceptions must apply for an appellate waiver to produce a miscarriage of justice. *Id.*

Here, Ms. Rippey does not argue that the court relied on race or other impermissible factors. And, as discussed above, Ms. Rippey has not demonstrated that her counsel was ineffective during plea agreement negotiations that would render her agreement invalid. Also, Ms. Rippey's 24-month custody sentence did not exceed the maximum statutory sentence, which Ms. Rippey's presentence report identifies as five years. Doc. 19 at 11. Finally, Ms. Rippey's appellate waiver is not unlawful because it does not seriously affect the fairness, integrity, or public reputation of the judicial system.

The court thus concludes that no procedural or other error barred Ms. Rippey's appellate waiver and that the waiver will not produce a miscarriage of justice. Therefore, Ms. Rippey cannot challenge her sentence because she knowingly and voluntarily waived her right to collaterally attack her sentence, and this court properly can enforce this waiver.

## IV. Certificate of Appealability

Finally, Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citations and internal quotation marks omitted).

As explained above, Ms. Rippey has not made a substantial showing that anyone denied her of a constitutional right. She makes no colorable argument that her counsel was ineffective or that her sentence was erroneous. And, Ms. Rippey agreed as part of her bargain with the United States that she would not appeal or collaterally attack her sentence. The court thus declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that defendant Chrystal M. Rippey's Motion to Vacate, Set Aside, or Correct Sentence under § 2255 (Doc. 25) is denied.

**IT IS SO ORDERED.**

**Dated this 19th day of November, 2019, at Kansas City, Kansas.**

        **s/ Daniel D. Crabtree**
        **Daniel D. Crabtree**
        **United States District Judge**